**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANLI ZHANG,<br><br>         Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>         Respondent. | No. 07-70917<br><br>Agency No. A097-351-563<br><br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Jianli Zhang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n1. (1992), and we grant in part and deny in part the petition for review.

Zhang suffered three detentions where he was beaten, physical harm requiring medical treatment, a prohibition on practice of his religion, including bible study and church activities, and ongoing harassment by the police. Substantial evidence does not support the agency's determination that Zhang failed to establish past persecution because the record compels a finding of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). ("totality of circumstances" compelled finding of persecution where Chinese Christian arrested, detained twice, physically abused, and forced to renounce religion). Zhang is therefore entitled to a presumption both of a well-founded fear of persecution and of eligibility for withholding of removal. *See Mousa v. Mukasey*, 530 F.3d 1025, 1029-30 (9th Cir. 2008).

Accordingly, we grant the petition in part and remand Zhang's asylum and withholding of removal claims to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In his opening brief, Zhang does not challenge the agency's denial of his application for CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60

(9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part.**